**Harty Brothers & Harty Company, Appellee, v. Carden-Callahan Company, Appellant.**

**Gen. No. 20,303. (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed April 22, 1915.

### Statement of the Case.

Action by Harty Brothers & Harty Company, a corporation, against Carden-Callahan Company, a corporation. The defendant entered into a contract with the city of Chicago to construct a fire engine house and sublet all the mill work to the plaintiff to be de-

282　　Appellate Courts of Illinois.

Harty Bros. & Harty Co. v. Carden-Callahan Co., 192 Ill. App. 281.

livered by June 15, 1912. The plaintiff made all deliveries after that date, the last delivery on September 27, 1912. The contract price was sixteen hundred and fifty dollars. Defendant made a payment on the account and refused to pay the balance. Plaintiff brought suit for the remainder with interest. Defendant's defense was that it had sustained damages to an amount exceeding the amount claimed by the plaintiff on account of its delay in furnishing material. Verdict for plaintiff on this issue for full amount of claim and judgment. Defendant appeals.

M. F. Gallagher, for appellant; E. B. Wilkinson, of counsel.

Bulkley, Gray & More, for appellee.

Mr. Presiding Justice Fitch delivered the opinion of the court.

### Abstract of the Decision.

1. Contracts, § 300*—*when must be performed after waiver of time.* Even though the time limit specified in a subcontract for the furnishing of materials is waived, the duty is imposed upon the subcontractor to complete his contract within a reasonable time thereafter.

2. Contracts, § 390*—*when time for performance question for jury.* What is a reasonable time for the completion of a contract, the time limit specified in the contract being waived, is a question for the jury.

3. Contracts, § 300*—*when refusal of instruction on damages for unreasonable delay erroneous.* Where in an action to recover the value of materials furnished by a subcontractor, the time limit for the furnishing of which was waived, the defendant claimed that plaintiff's delay in furnishing the material caused it damages in excess of the balance claimed by plaintiff, and defendant's evidence tended to show unreasonable delay after the waiver of delivery within the time specified, refusal to instruct that de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fendant was entitled to recover damages caused by plaintiff's unreasonable delay following the time limit specified in the contract was erroneous.

4.  BUILDING AND CONSTRUCTION CONTRACTS, § 63*—*when contract complied with as to architect's certificate.* Where a contract provides that payment should be made "on the basis of 85% of the value of labor and material delivered and in place, as allowed by the architect's certificates," and the only certificate shown was that of the city architect, which did not show the "value of labor and material delivered," there is no evidence of a failure to make payment as per contract.